```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
AIR LINE PILOTS ASSOC.,

                Plaintiff,
                                                              11 CV 4661 (SJ)

        -against-                                             **MEMORANDUM &
                                                              ORDER**


UNITED AIR LINES, INC.,

                Defendants.
-------------------------------------------------------X
```

A P P E A R A N C E S

COHEN, WEISS & SIMON LLP
330 West 42nd Street
25th Floor
New York, NY 10036
By:     Evan Randall Hudson-Plush
        Michael Eckstein Abram
        Thomas N. Ciantra
Attorneys for Plaintiff


O'MELVENY AND MYERS LLP
7 Times Square
New York, NY 10036
By:     Matthew F Damm
        Robert A. Siegel
Attorneys for Defendant


JOHNSON, Senior District Judge:

Presently before the Court is the plaintiff Air Line Pilots Association's ("ALPA" or "the Union") application for a temporary restraining order ("TRO") to enjoin the defendant United Airlines Inc. ("United" or "the Airline") from

implementing its new revised flight operation procedures on Friday September 30, 2011 (the "Scheduled Date"), pursuant to United's complete operational merger with Continental Air Lines, Inc. ("Continental"), and known as the "Phase II changes."

ALPA alleges that the comprehensive nature of United's Phase II changes far outstrips the actual training United has provided to its pilots. Specifically, ALPA charges that United has offered only computer-based training and maintains that the pilots need actual classroom training and/or use of training devices to fully absorb the regime change. ALPA further charges that the Airline's plan of moving forward on the Scheduled Date notwithstanding the Union's expressed concerns about the adequacy of the training amounts to a unilateral decision on the part of United concerning the content of pilot training, in violation of the parties' collective bargaining agreement under the Railway Labor Act, 45 U.S.C.A. § 151 et seq. (the "RLA"), the regulatory scheme that addresses, among other things, labor-management issues in the railway and airline industries.

ALPA filed a contract grievance before an arbitrative panel known as the United Pilots System Board of Adjustment (the "Board") on September 22, 2011, seeking expedited review and sought United's consent to stay the implementation of the Phase II changes until a decision from the Board. United refused, and, on September 26, 2011, ALPA filed a motion for a preliminary injunction before this Court seeking to enjoin the effective date of the Phase II changes pending a decision from the Board. On September 27, 2011, the parties consented to convert the

motion to one for a temporary restraining order ("TRO"). The Court held a hearing on the application on September 28, 2011. After considering the parties' submissions and oral argument, and for the reasons set forth below, ALPA's application for a TRO is DENIED.

**ANALYSIS**

Injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Maruzek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis omitted). Under Rule 65 of the Federal Rules of Civil Procedure, a party seeking a TRO or a preliminary injunction "must demonstrate (1) the likelihood of irreparable injury in the absence of such an injunction, and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation plus a balance of hardships tipping decidedly toward the party requesting the preliminary relief." Fed. Express Corp. v. Fed. Espresso, Inc., 201 F.3d 168, 173 (2d Cir. 2000) (citations omitted); see also Lynch v. City of New York, 589 F.3d 94, 98 (2d Cir. 2009) ("[w]here the moving party seeks to stay governmental action taken in the public interest pursuant to a statutory or regulatory scheme, the . . . court should not grant the injunction unless the moving party establishes, along with irreparable injury, a likelihood that he will succeed on the merits of his claim"). The Court further notes that the parties agree that the instant dispute is properly characterized as "minor" pursuant to the RLA's distinction between "major" and

3

"minor" labor-management disputes. See generally Elgin, Joliet & E. Ry. v. Burley, 325 U.S. 711, 723 (1945). In the case of "minor" disputes, the general rule is that a union is not entitled to an order preserving the status quo pending the resolution of the dispute by an arbitrative panel, absent a finding that the union would suffer such irreparable harm from denial of an injunction that a later arbitrative ruling in the union's favor would be meaningless. See e.g., Brotherhood of Locomotive Eng'rs v. Missouri-K.-T. R.R. Co., 363 U.S. 528, 533-34 (1960); Local 553, TWU v. Eastern Air Lines, Inc., 695 F.2d 668, 675 (2d Cir. 1982); Local Lodge 2144, Brotherhood of Ry., Airline and S.S. Clerks v. Railway Express Agency, 409 F.2d 312, 316-17 (2d Cir. 1969).

Here, the Court finds that ALPA cannot bear its burden under the first prong of the test for injunctive relief: ALPA cannot show it will suffer irreparable harm in the absence of this Court enjoining United from proceeding with the Phase II changes on the Scheduled Date. ALPA's failure to demonstrate such harm is sufficient for the Court to deny ALPA's application for a TRO, without the need to address the second prong of the test or the balance of the parties' arguments. See Reuters Ltd. United Press Int'l, Inc., 903 F.2d 904, 907 (2d Cir. 1990) ("a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction.").

ALPA's case for irreparable harm in the absence of an injunction is two-fold: (1) the purported erosion of the Board's remedial authority; and (2) the alleged risk of diminished flight safety. The Court finds that both lines of argument are too

speculative—and thus insufficient in the Second Circuit where irreparable harm justifying injunctive relief must be "actual and imminent." Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 975 (2d Cir. 1989) (internal quotations omitted); see also Jack Kahn Music Co. v. Baldwin Piano & Organ Co., 604 F.2d 755, 759 (2d Cir. 1979).

First, concerning ALPA's argument that absent an injunction the Board's jurisdiction would be irreparably harmed, the Court finds it specious. For this assertion to survive scrutiny the following proposition also needs to be true: the failure of a district court to preserve the status quo pending an arbitrator's ruling on a minor dispute, in and of itself, constitutes irreparable harm. There is, however, no support for this broad proposition in the case-law. The three cases ALPA cites in support of this branch of its irreparable harm argument—Brotherhood of Locomotive Eng'rs, 363 U.S. 528, I.A.M. v. Eastern Air Lines, Inc., 847 F.2d 1014, 1019 (2d Cir. 1988) and Local Lodge 2144, 409 F.2d 312—all pivot upon a finding of "actual and imminent" harm to the union employees in those cases, and not merely on the harm to the jurisdiction of the arbitrative body per se.

In Brotherhood of Locomotive Eng'rs, the Supreme Court approved a district court order requiring a rail carrier to maintain the status quo pending arbitration of certain proposed changes that would have eliminated union jobs. Key to that ruling was the lower court's finding that the loss of union jobs was imminent, and, as such, was an injury so irreparable that a later arbitrative ruling "in the union's favor would be but an empty victory." Brotherhood of Locomotive Eng'rs,

363 U.S. at 534. The Supreme Court went on to emphasized that "[f]rom the point of view of these employees, the critical point in the dispute may be when the change is made, for, by the time of the frequently long-delayed [arbitrator's] decision, it might well be impossible to make them whole in any realistic sense. . . ." Id. Similarly, in I.A.M., the Second Circuit affirmed an order enjoining an airline from decreasing the amount of time a shop steward could work on union-related duties, which included assisting union employees with filing grievances, pending an arbitrative ruling on the issue. Key to the decision was the district court's finding that the demand for the steward's assistance in processing employee grievances had significantly increased due to recent layoffs at the airline, and that without his assistance employee grievances would have gone unheard—an actual and imminent harm to those employees. 847 F.2d at 1019. Finally, in Local Lodge 2144, the Second Circuit also affirmed an order restraining a railway carrier from moving its operation pending an arbitrative ruling on whether union employees were entitled to a job transfer. Key to the ruling was the district court's finding that union employees would suffer irreparable injury in the immediate loss of jobs absent a stay to permit the arbitrator time to decide the issue. 409 F.2d at 317–18. In short, what ties all these cases together is the element missing here: namely a showing that ALPA's pilots would personally suffer "actual and imminent" injury from this Court's denial of an injunction, which would render any potential victory for ALPA before the Board meaningless for its members.

Second, concerning ALPA's argument of irreparable injury in the form of an increased risk to safety, the Court notes that ALPA concedes that the Federal Aviation Administration ("FAA"), the federal agency charged with airline safety, has already approved United's computer-based training for the Phase II changes. At oral argument, ALPA's counsel nevertheless suggested that in seeking to enjoin the implementation of the Phase II changes on the Scheduled Date, ALPA simply seeks to hold United to a higher standard of safety than the FAA requires. That may very well be and the Court does not, in theory, disagree with counsel's statement that when it comes to airline safety we shouldn't "operate on hope." However, there is nothing in ALPA's submissions to support a finding that the FAA has somehow been negligent in carrying its regulatory mandate, or to suggest that the agency's oversight and/or conduct in the instant action places it outside the orbit of deference it is entitled to under Chevron v. Natural Resources Defense Council, 467 U.S. 837 (1984). See e.g., Southeast Queens Concerned Neighbors Inc. v FAA, 229 F.3d 387, 394 (2d Cir. 2000) (recognized that the FAA is entitled to Chevron deference in aviation matters); J. Andrew Lange. Inc. v. FAA, 208 F.3d 389, 391–92 (2d. Cir. 2000) (same). In light of the FAA's regulatory authority and on-going oversight of all phases of the United and Continental merger, the Court has no choice but to deem the increase risk to safety ALPA alleges as being too "remote and speculative" to lift the Union's TRO application off the ground. The Court further notes that ALPA's inability to substitute the FAA's determination concerning the

adequacy of United's computer-based training with its own assessment is not irreparable harm.

Therefore, because ALPA has failed to demonstrate irreparable harm, its request for a TRO as to the implementation of the Phase II changes on the Scheduled Date must be DENIED. The Court has considered all of the additional arguments advanced by both parties, and find them unnecessary to dispense with this instant application, as ALPA's failure to demonstrate irreparable harm is dispositive.

## CONCLUSION

For the foregoing reasons, ALPA's motion for a TRO enjoining United from implementing its revised flight operations policies and procedures on Friday September 30, 2011, is DENIED.

**SO ORDERED.**

Dated: September 29, 2011  _____/s/_____
      Brooklyn, NY        STERLING JOHNSON, JR.
                Senior United States District Judge